

Patrick G. Broderick
Tel 561-650-7915
Fax 212.805.9460
broderickp@gtlaw.com

November 27, 2024

**Via ECF**

Catherine O'Hagan Wolfe, Clerk of Court
United States Court of Appeals For the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

        Re:   *East Fork Funding, LLC v. U.S. Bank, N.A., as Trustee, etc.*
              Case No. 23-659

Dear Ms. Wolfe:

      We are counsel for U.S. Bank, National Association, As Trustee For Greenpoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2006-AR6 ("Appellant" or "U.S. Bank") in the above-referenced appeal. U.S. Bank submits this supplemental letter brief pursuant to this Court's Order dated October 31, 2024. Dkt. 135, 142.

<u>New York Court of Appeals</u>

      In an order issued on October 1, 2024, this Court certified the following question to the New York Court of Appeals: "Whether Sections 4 and/or 8 of the Foreclosure Abuse Prevention Act, codified at N.Y. C.P.L.R. 203(h) and 3217(e), respectively, [hereinafter "FAPA"] apply to a unilateral voluntary discontinuance taken prior to the Act's enactment." Dkt. 125 at 18 (hereinafter "Certification Order"). On October 24, 2024, the New York Court of Appeals declined to consider the certified question. Dkt. 131. Hence, it is up to this Court to decide, among other things, whether Sections 4 and/or 8 of FAPA apply retroactively and, if they do, whether it would violate the Contracts Clause, Takings Clause, and Due Process Clause of the U.S. Constitution.

      Appellee East Fork recently advised this Court of lower court decisions issued in New York. Specifically, East Fork provided three decisions in which certain judicial departments within the New York Appellate Division found that certain sections of FAPA applied retroactively. Those decisions are *Genovese v. Nationstar Mtge., LLC*, 223 A.D.3d 37 (1st Dep't 2024); *Wells Fargo v. Edwards*, ___ A.D.3d ___, 2024 NY Slip Op 05368, 2024 WL 4611038 (2d Dep't Oct. 30, 2024); *U.S. Bank v. Lynch*, ___ A.D.3d ___, 2024 NY Slip Op 05261, 2024 WL 4557692 (3d Dep't Oct. 24, 2024). As discussed below, two of these three decisions do not discuss Section 8 of FAPA at all, and therefore have limited application to this case, while the third did not address Appellant's principal statutory or constitutional arguments.

**Greenberg Traurig, LLP | Attorneys at Law**
900 Stewart Avenue, Suite 505 | Garden City, New York 11530 | T +1 516.629.9600 | F +1 516.706.8666

www.gtlaw.com

ACTIVE 703812091v7

November 27, 2024
Page 2

The New York Appellate Division Decisions

As an initial matter, decisions rendered by courts other than the New York Court of Appeals are not binding on this Court's interpretation of New York law. As this Court recognized in the Certification Order, this Court is not "strictly bound by state intermediate appellate courts" while acknowledging that those decisions are "not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." Dkt. 121 at 15, quoting *DiBella v. Hopkins*, 403 F.3d 102, 112 (2d Cir. 2005). Thus, although the New York Appellate Division's First, Second, and Third Departments have applied certain sections of FAPA retroactively, they are not binding on this Court and are not even persuasive authority because they did not consider many of the arguments that were raised here by U.S. Bank. Each decision by each Appellate Division will be discussed in turn, from the First Department decision in *Genovese* to the Third Department decision in *Lynch*.

In *Genovese*, the First Department held that Section 7 of FAPA, codified in CPLR § 213(4)(a) and (b), applies retroactively. But Section 7 is not at issue here. This case concerns Section 8 and whether the voluntary discontinuance by Appellant operated to revoke the acceleration of the mortgage loan. In addition, the First Department in *Genovese* did not consider the constitutional challenges to FAPA since the New York Attorney General was not notified of them, as required by CPLR § 1012(b). *See Genovese*, 223 A.D.3d at 45. Accordingly, the *Genovese* decision did not address Section 8 at all, much less the statutory and constitutional arguments against retroactive application of Section 8.

In *Edwards*, the Second Department did address Section 8. In that case, the Second Department concluded that Section 8 of FAPA applies retroactively based solely on the fact that Section 10 states that FAPA shall apply "immediately" and "to all actions . . . in which a final judgment of foreclosure and sale has not been enforced." *See Edwards*, 2024 NY Slip Op 05368 at *3. Quoting *Genovese*, the Second Department in *Edwards* found that Section 8 of FAPA "should apply retroactively," perhaps not realizing that *Genovese* interpreted Section 7, not Section 8. In addition, the Second Department did not address U.S. Bank's statutory language argument that Section 8 omits the term "prior action" (unlike other sections of FAPA), and therefore that section of FAPA ought not apply retroactively. Indeed, the omission of the term "prior action" in Sections 4 and 8 of FAPA creates an irrefutable inference that those sections do not apply retroactively, which is further supported by their respective use of the terms "may" and "shall" in the future tense. Dkt. 35 at 21-25. In addition, the constitutional avoidance doctrine was not raised in *Edwards*, which requires FAPA to be interpreted prospectively to avoid finding it unconstitutional. Dkt. 35 at 26-28. Nor did the Second Department discuss why the well-established principle that statutes apply prospectively should be overridden. Finally, as in *Genovese*, the constitutional challenges to FAPA were not addressed in *Edwards*. The Second Department instead remitted the constitutional questions to the trial court to decide.

In *Lynch*, the Third Department held that Section 2 of FAPA, codified in RPAPL § 1301(3) and (4), applies retroactively. Section 2 of FAPA is not at issue in this case, however. The Third Department did address one constitutional argument, finding that it does not violate Due Process because FAPA clarifies existing law and corrects unintended judicial interpretations, which is "rationally related to a legitimate legislative purpose of providing a mechanism for parties to

resolve their disputes with finality." *Lynch*, 2024 NY Slip Op 05261 at *3. Notably, the Third Department did not address the Takings Clause and Contracts Clause, which it found was unpreserved for appeal. *Id.* at n 4.

Accordingly, the above cases are distinguishable from our case and are not persuasive authority.[1] Thus, as this Court acknowledged, "we are not strictly bound by state intermediate appellate courts," especially when they not considered the numerous arguments raised here by U.S. Bank. *E. Fork Funding LLC v U.S. Bank, N.A.*, 118 F.4th 488 (2d Cir. 2024).

The New York Court Of Appeals Treatment Of Other Cases

Appellee East Fork in its October 30, 2024 letter cited to cases that the New York Court of Appeals declined to hear: *MTGLQ Investors, L.P. v. Singh*, 216 A.D.3d 1087 (2d Dep't 2023), *appeal dismissed* 42 N.Y.3d 950 (2024); *U.S. Bank, N.A. v. Fox*, 216 A.D.3d 445 (1st Dep't 2023), *lv denied* 42 N.Y.3d 903 (2024); *B & H Fla. Notes LLC v. Ashkenazi*, 221 A.D.3d 480 (1st Dep't 2023), *lv denied* 42 N.Y.3d 947 (2024). Dkt. 134. However, it cannot be inferred that the Court of Appeals agrees that FAPA applies retroactively to this case.

For example, in *Singh*, the New York Court of Appeals dismissed the appeal finding that "no substantial constitutional question is directly involved" because the Second Department *sua sponte* raised FAPA in its decision without giving the parties an opportunity to brief or argue the FAPA issues. In *Fox* and *Ashkenazi*, the New York Court of Appeals merely denied the motions for leave to appeal. Thus, there is no indication from the New York Court of Appeals whether FAPA applies retroactively and whether it would be constitutional to apply FAPA retroactively. *See Matter of Hoffmann v. NY State Ind. Redistricting Commn.*, 41 N.Y.3d 341, 368 (2023) ("[T]he doctrine of stare decisis presupposes the existence of binding precedent, yet issues that have never been addressed nor squarely decided certainly cannot bind future courts.")

---

[1] U.S. Bank cited to six New York trial court decisions in its brief holding that FAPA is not retroactive (Dkt. 35 at 25-26 n 3). In addition, other recent New York trial courts have held that FAPA—including CPLR 3217(e)—is not retroactive or that applying FAPA retroactively is unconstitutional. *See, e.g., Deutsche Bank v. Porebski*, No. 612034/2023 (Sup Ct, Suffolk Cnty Sep. 30, 2024, NYSCEF Doc. No. 75) (Whelan, J.) ("FAPA and its amendments are to be applied prospectively"); *Federal Natl. Mtge. Assn. v. Marshall*, 2024 NY Slip Op 24154, *7, *8 (Sup Ct, Columbia Cnty May 3, 2024) (Lynch, J.) ("retroactive application of FAPA, set out in § 10 of that statute, violates the Contracts Clause of the United States Constitution" and "retroactive application of FAPA violates the Takings Clauses of the U.S. and New York constitutions"); *U.S. Bank, N.A. v. Nicholson*, 82 Misc 3d 1239(A)(, 2024 NY Slip Op 50503(U), *7 (Sup Ct, Suffolk Cnty Apr. 29, 2024) (Fields, J.) ("On this binding precedent from the highest courts in each of this state and the United States, this Court holds that FAPA must, based on a judicial determination, permit plaintiffs a reasonable post-effectiveness period in which to commence an action."). While these decisions may conflict with the recent Appellate Division decisions discussed above, these decisions demonstrate that many New York trial court judges agree with U.S. Bank's analysis of FAPA.

Further, none of the above cases concern Sections 4 and 8 of FAPA (codified in CPLR § 203(h) and 3217(e), respectively) at issue here. *Singh* concerns Section 7 (codified in CPLR § 213(4)(a) and (b)), and *Fox* and *Ashkenazi* involved Section 6 (codified in CPLR § 205-a). Hence, even if those Sections 6 and 7 were to apply retroactively, they have no bearing on whether Sections 4 and 8 should apply retroactively.

Conclusion

For the foregoing reasons, as well as those discussed in U.S. Bank's briefs and at oral argument, the Court should find that FAPA does not apply retroactively to discontinuances that occurred before FAPA was enacted. In the event the Court finds that FAPA applies retroactively, it should find that applying FAPA retroactively violates the Contracts Clause, Takings Clause, and Due Process Clause of the U.S. Constitution.

Accordingly, U.S. Bank respectfully requests that the Court reverse the Order entered March 23, 2023 and Judgment entered April 20, 2023 and remand with instructions to enter summary judgment in U.S. Bank's favor. Alternatively, U.S. Bank respectfully requests that the Court reverse and remand for the District Court to decide the issues raised but not decided in the motions for summary judgment that are unrelated to the statute of limitations since the Mortgage is not time-barred.

Respectfully Submitted,

/s/

Patrick G. Broderick, Esq.

word count: 1,691

cc: (via ECF)

Anthony R. Filosa, Esq.
Rosenberg Fortuna & Laitman, LLP
*Counsel for Appellee East Fork Funding, LLC*

Mark S. Grube, Esq.
Senior Assistant Solicitor General of Counsel
*For Intervenor New York State Attorney General*