

Steven Lazar
Tel 212.801.6860
Fax 212.805.9460
steven.lazar@gtlaw.com

May 22, 2025

<u>Via ECF</u>

Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit

   Re: *East Fork Funding, LLC v. U.S. Bank N.A., et al.*, No. 23-659

Dear Ms. Wolfe,

  Our firm represents appellant U.S. Bank, National Association, As Trustee For Greenpoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2006-AR6 ("Appellant") in the above-referenced appeal.

  Pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure, we are writing to inform the Court that, on May 20, 2025, the New York Court of Appeals agreed to hear the following two cases involving whether the Foreclosure Abuse Prevention Act ("FAPA") applies retroactively and is constitutional: *Article 13, LLC v. LaSalle Natl. Bank. Assoc.*, No. 23-cv-7247 (2d Cir. March 25, 2025), *certified questions accepted by* N.Y. Court of Appeals, No. CTQ-2025-00001 (May 20, 2025) and *Van Dyke v U.S. Bank, N.A.*, 235 A.D.3d 517 (1st Dep't 2025), *leave to appeal granted*, Mo. No. 2025-226 (May 20, 2025). *See* Br. for Appellant at 19-46; Reply Br. for Appellant at 2-25.

      Respectfully,

       /s/

      Steven Lazar, Esq.

Word count: 140

Encls.

<u>cc:</u>
All counsel of record
*via ECF*

**Greenberg Traurig, LLP | Attorneys at Law**
900 Stewart Avenue, Suite 505 | Garden City, New York 11530 | T +1 516.629.9600 | F +1 516.706.8666

www.gtlaw.com

**Decisions**

May 20, 2025

**CASES**

No. 63

Article 13 LLC,
      Respondent,

Office of the New York State Attorney
General,
      Intervenor,

      v.

Ponce De Leon Federal Bank et al.,
      Defendants,

      v.

Lasalle National Bank Association,
      Appellant.

Certification of questions by the United States Court of Appeals for the Second Circuit, pursuant to section 500.27 of this Court's Rules of Practice, accepted and the issues presented are to be considered after briefing and argument.

Chief Judge Wilson and Judges Rivera, Garcia, Singas, Cannataro, Troutman and Halligan concur.

No. 65

Czigany Beck, &c.,
      Appellant,

      v.

Manhattan College,
      Respondent.

Certification of question by the United States Court of Appeals for the Second Circuit, pursuant to section 500.27 of this Court's Rules of Practice, accepted and the issue presented is to be considered after briefing and argument.

Chief Judge Wilson and Judges Rivera, Garcia, Singas, Cannataro, Troutman and Halligan concur.

No. 64

Neysha Cruz, &c.,
      Appellant,

      v.

David C. Banks et al.,
      Respondents.

Certification of question by the United States Court of Appeals for the Second Circuit, pursuant to section 500.27 of this Court's Rules of Practice, accepted and the issue presented is to be considered after briefing and argument.

Chief Judge Wilson and Judges Rivera, Garcia, Singas, Cannataro, Troutman and Halligan concur.

| 1 | No. 2 | Order affirmed, with costs. |
|---|---|---|

1        No. 2
Ezrasons, Inc., &c.,
        Appellant,
        v.
Sir Nigel Rudd, et al.,
        Respondents,
Barclays PLC,
        Nominal Defendant.

Order affirmed, with costs.
Opinion by Judge Cannataro.
Judges Rivera, Singas, Troutman, Halligan and
Landicino concur.
Chief Judge Wilson dissents in an opinion.
Judge Garcia took no part.

1        No. 3
Rebecca R. Haussmann, &c., et al.,
        Appellants,
        v.
Werner Baumann, et al.,
        Respondents,
et al.,
        Defendants,
Bayer AG,
        Nominal Respondent.

Order insofar as appealed from affirmed, with costs,
in a memorandum.
Chief Judge Wilson and Judges Rivera, Singas,
Cannataro, Troutman, Halligan and Landicino
concur.
Judge Garcia took no part.

2        No. 43
In the Matter of Joshua J.

Westchester County Department of Social
Services,
        Respondent;
Tameka J.,
        Appellant.
(And a Related Proceeding.)

Orders affirmed, without costs.
Opinion by Judge Troutman.
Judges Garcia, Singas and Cannataro concur.
Chief Judge Wilson dissents in an opinion, in which
Judge Halligan concurs.
Judge Rivera dissents in a separate dissenting
opinion.

2        No. 48
The People &c.,
        Respondent,
        v.
Laquawn Lewis,
        Appellant.

Order reversed and a new trial ordered.
Opinion by Judge Rivera.
Chief Judge Wilson and Judges Troutman and
Halligan concur.
Judge Singas dissents and votes to affirm in an
opinion, in which Judges Garcia and Cannataro
concur.

**MOTIONS**

Mo. No. 2025-137

252685 St LLC, et al.,
 Respondents,
  v.
Feifei Gu,
 Appellant,
et al.,
 Defendant.

On the Court's own motion, appeal transferred, without costs, to the Appellate Division, Second Department, upon the ground that a direct appeal does not lie when questions other than the constitutional validity of a statutory provision are involved (*see* NY Const, art VI, §§ 3 [b] [2], 5 [b]; CPLR 5601 [b] [2]).
Motion for financial relief dismissed as academic. Motion for ancillary relief dismissed upon the ground that this Court does not have jurisdiction to entertain it (*see* NY Const, art VI, § 3).
Chief Judge Wilson took no part.

3  Mo. No. 2024-653

In the Matter of Danny Andersen, et al., &c.,
 Appellants,
  v.
Michael P. Hein, &c.,
 Respondent,
et al.,
 Respondents.

Motion for leave to appeal granted.

4  Mo. No. 2024-821

Counsel Financial Holdings LLC,
 Respondent,
  v.
Sullivan Law, L.L.C., et al.,
 Appellants.

Motion for leave to appeal denied.

2  Mo. No. 2025-5

The People &c.,
 Respondent,
  v.
Steven Garrett,
 Appellant.

Motion for leave to appeal denied.
Motion for financial relief dismissed as academic.

2        Mo. No. 2024-657

Shmuel Zvi Genzler,
      Respondent,

      v.

JPMorgan Chase Bank, National Association, et al.,
      Defendants;

U.S. Bank Trust, N.A., &c.,
      Nonparty-Appellant.

Motion, insofar as it seeks leave to appeal from so much of the Appellate Division order as affirmed Supreme Court's denial of so much of the motion as sought to intervene, dismissed upon the ground that such portion of the order does not finally determine the action within the meaning of the Constitution; motion for leave to appeal otherwise denied.

---

3        Mo. No. 2024-824

In the Matter of Global Companies LLC,
      Appellant,

      v.

New York State Tax Appeals Tribunal et al.,
      Respondents.

Motion for leave to appeal denied with one hundred dollars costs and necessary reproduction disbursements.

---

4        Mo. No. 2025-32

In the Matter of Thomas I. Hartung, Jr.,
      Respondent,

      v.

Amanda C. Long,
      Appellant.

(And Another Proceeding.)
(App. Div. Nos. CAF 23-01241 and CAF 23-01242)

Motion for leave to appeal denied.

---

4        Mo. No. 2024-840

In the Matter of Parker J. et al.

Onondaga County Department of Children and Family Services,
      Respondent;

Beth F.,
      Appellant.

Motion for leave to appeal granted.
Motion for financial relief granted.

1          Mo. No. 2025-4                              Motion for leave to appeal denied.
JDS Development LLC, &c. et al.,
          Appellants,
          v.
Parkside Construction Builders Corp.,
          Defendant,
Allied World Insurance Company,
          Respondent.


2          Mo. No. 2024-831                            Motion for leave to appeal denied.
The People &c.,
          Respondent,
          v.
Jonathan Johnson,
          Appellant.


2          Mo. No. 2025-37                             Motion for leave to appeal denied.
The People &c.,
          Respondent,
          v.
Jimmy Ly,
          Appellant.


3          Mo. No. 2024-681                            Motion for leave to appeal denied with one hundred
In the Matter of New York Civil Liberties             dollars costs and necessary reproduction
Union,                                                disbursements.
          Respondent,
          v.
New York State Police,
          Appellant.


1          Mo. No. 2024-662                            Motion for leave to appeal dismissed upon the
Maria Perez,                                          ground that the order sought to be appealed from
          Appellant,                                  does not finally determine the action within the
          v.                                          meaning of the Constitution.
New York City Health and Hospitals
Corporation, et al.,
          Respondents.

2    Mo. No. 2024-668        Motion for leave to appeal denied.
In the Matter of Kenneth Puig et al.,
   Appellants,
     v.
City of Middletown, et al.,
   Respondents.


1    Mo. No. 2024-834        Motion for leave to appeal denied.
In the Matter of E.R., et al., &c.

Donna C.,
   Appellant;
Administration for Children's Services,
   Respondent.


1    Mo. No. 2025-98        Motion for leave to appeal denied.
The People &c.,
   Respondent,
    v.
Robinson Ramirez,
   Appellant.


2    Mo. No. 2024-724        Motion for leave to appeal denied.
Abdus Shahid,
   Appellant,
    v.
City of New York et al.,
   Respondents.
(Index No. 1786/19)


2    Mo. No. 2024-725        Motion for leave to appeal denied.
Abdus Shahid,
   Appellant,
    v.
City of New York,
   Respondent.
(Index No. 2664/19)

2          Mo. No. 2024-731

Abdus Shahid,
      Appellant,
      v.
City of New York,
      Respondent.
(Index No. 5/22)

Motion for leave to appeal denied.

4          Mo. No. 2024-733

In the Matter of the Arbitration between
Wayne Spence, &c.,
      Petitioner,
Michelle Laframboise,
      Appellant;
State University of New York, et al.,
      Respondents.

Motion for leave to appeal denied with one hundred dollars costs and necessary reproduction disbursements.

2          Mo. No. 2024-801

In the Matter of Eric Taylor et al.,
      Appellants,
      v.
Town of Ramapo Zoning Board of Appeals et al.,
      Respondents;
John Keeley,
      Nonparty-Respondent.

Motion for leave to appeal denied with one hundred dollars costs and necessary reproduction disbursements.

1          Mo. No. 2024-675

Micah Umeh,
      Appellant,
      v.
New York City Health and Hospitals Corporation, et al.,
      Defendants,
Danielle Friedman, &c. et al.,
      Respondents.

Motion for leave to appeal denied with one hundred dollars costs and necessary reproduction disbursements.

| | | |
|---|---|---|
| 3 | SSD 13 | Appeal dismissed, without costs, by the Court sua sponte, upon the ground that the order appealed from does not finally determine the action within the meaning of the Constitution. |

3           SSD 13

U.S. Bank National Association &c,
      Appellant,
        v.
Dawn Lynch,
      Respondent,
Attorney General of the State of New York,
    Intervenor-Respondent,
et al.,
      Defendants.

Appeal dismissed, without costs, by the Court sua sponte, upon the ground that the order appealed from does not finally determine the action within the meaning of the Constitution.

---

1           Mo. No. 2025-157

Cheryl D. Uzamere,
      Appellant,
        v.
Ehigie E. Uzamere, et al.,
      Respondents.
(App. Div. No. 2024-06143)

On the Court's own motion, appeal dismissed, without costs, upon the ground that the order appealed from does not finally determine the action within the meaning of the Constitution.
Motion for leave to appeal dismissed upon the ground that the order sought to be appealed from does not finally determine the action within the meaning of the Constitution.
Motion for financial relief dismissed as academic.

---

1           Mo. No. 2025-158

Cheryl D. Uzamere,
      Appellant,
        v.
Ehigie E. Uzamere, et al.,
      Respondents.
(App. Div. No. 2024-06142)

On the Court's own motion, appeal dismissed, without costs, upon the ground that the order appealed from does not finally determine the action within the meaning of the Constitution.
Motion for leave to appeal dismissed upon the ground that the order sought to be appealed from does not finally determine the action within the meaning of the Constitution.
Motion for financial relief dismissed as academic.

---

1           Mo. No. 2025-226

Patti Van Dyke,
      Respondent,
        v.
U.S. Bank, National Association,
      Appellant.

Motion for leave to appeal granted.

2            Mo. No. 2024-797

Michael Yakubov et al.,
      Respondents,
   v.
Mark Gaft,
      Appellant,
et al.,
      Defendant.

Motion for leave to appeal denied with one hundred dollars costs and necessary reproduction disbursements.

# State of New York
# Court of Appeals

This memorandum is uncorrected and subject to revision before publication in the New York Reports.

No. 63
Article 13 LLC,
          Respondent,
Office of the New York State
Attorney General,
          Intervenor,
     v.
Ponce De Leon Federal Bank et
al.,
          Defendants,
     v.
Lasalle National Bank
Association,
          Appellant.

Patrick G. Broderick, for appellant.
Anthony R. Filosa, for respondent.
Mark Grube, for intervenor.

Certification of questions by the United States Court of Appeals for the Second Circuit, pursuant to section 500.27 of this Court's Rules of Practice, accepted and the issues presented are to be considered after briefing and argument. Chief Judge Wilson and Judges Rivera, Garcia, Singas, Cannataro, Troutman and Halligan concur.

Decided May 20, 2025

23-7247-cv
*Article 13 LLC v. Lasalle Nat'l Bank Ass'n*

# In the
# United States Court of Appeals
# for the Second Circuit

_____

August Term 2024
No. 23-7247-cv

ARTICLE 13 LLC,
*Plaintiff-Appellee,*

OFFICE OF THE NEW YORK STATE ATTORNEY GENERAL,
*Intervenor,*

v.

PONCE DE LEON FEDERAL BANK, ALLIANCE MORTGAGE BANKING CORP., VAN BUREN GROUP, INC.,
*Defendants,*

v.

LASALLE NATIONAL BANK ASSOCIATION,
*Defendant-Appellant.* *

_____

On Appeal from the United States District Court
for the Eastern District of New York

_____

ARGUED: NOVEMBER 13, 2024
DECIDED: MARCH 25, 2025

_____

_____

* The Clerk of Court is respectfully directed to amend the official caption as displayed above.

1

Before:       KEARSE, RAGGI, and KAHN, *Circuit Judges*.

In 2020, Plaintiff-Appellee Article 13 LLC brought this quiet title action against Defendant LaSalle National Bank Association, now Defendant-Appellant U.S. Bank, seeking to discharge a mortgage as time-barred because an action to foreclose on the mortgage had been commenced in 2007. In opposition, the Defendant argued that the statute of limitations on the foreclosure had not expired because the 2007 foreclosure action was invalid to accelerate the mortgage debt. The district court found there was a disputed issue of material fact affecting the validity of the 2007 foreclosure action and denied both parties' motions for summary judgment. Days after the district court's ruling, New York enacted the Foreclosure Abuse Prevention Act ("FAPA"), which, in part, bars the defense of the invalidity of prior accelerations of mortgages in quiet title actions. Upon a motion for reconsideration from Article 13 LLC, the district court applied FAPA and granted summary judgment in Article 13 LLC's favor. U.S. Bank now appeals, arguing that FAPA has no retroactive effect and, to the extent that it does, that retroactivity is unconstitutional under the New York Constitution and U.S. Constitution.

Whether FAPA is retroactive and whether its retroactive application comports with the New York Constitution are novel questions of state law essential to deciding this appeal. Accordingly, we certify the following questions to the New York Court of Appeals, deferring our resolution of this appeal pending that court's response:

1. Whether, or to what extent does, Section 7 of the Foreclosure Abuse Prevention Act, codified at N.Y. C.P.L.R. § 213(4)(b), apply to foreclosure actions commenced before the statute's enactment?

2. Whether FAPA's retroactive application violates the right to substantive and procedural due process under the New York Constitution, N.Y. Const., art. I, § 6?

_____

PATRICK G. BRODERICK (Steve Lazar, *on the reply brief*), Greenberg Traurig, LLP, New York, NY; (Kathleen M. Massimo, *on the opening brief*), Houser LLP, New York, NY, *for the Defendant-Appellant*.

Danielle Paula Light, Hasbani & Light, P.C., New York, NY, *for the Plaintiff-Appellee*.

2

MARK S. GRUBE, Senior Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Ester Murdukhayeva, Deputy Solicitor General, *on the brief*), for Letitia James, Attorney General for the State of New York, New York, NY, *for the Intervenor*.

Matthew A. Schwartz, Leonid Traps, Austin P. Mayron, Sullivan & Cromwell LLP, New York, NY, *for Amici Curiae New York Bankers Association, New York Mortgage Bankers Association, American Bankers Association, Mortgage Bankers Association, Housing Policy Council, and Independent Bankers Association of New York State*, *in support of Defendant-Appellant*.

———————————

MARIA ARAÚJO KAHN, *Circuit Judge*:

Plaintiff-Appellee Article 13 LLC brought this quiet title action in the United States District Court for the Eastern District of New York (Hector Gonzalez, *Judge*) on August 6, 2020, seeking to discharge a mortgage that it contends is time-barred. As relevant here, the six-year statute of limitations on an action to foreclose on a mortgage begins to run when a foreclosure action is commenced, and the mortgage debt is accelerated, or the entire mortgage amount made immediately due. *See* N.Y. C.P.L.R. § 213(4); *53rd St., LLC v. U.S. Bank Nat'l Ass'n*, 8 F.4th 74, 78 (2d Cir. 2021).

At summary judgment, the relevant question before the district court was whether a prior foreclosure action on the mortgage, commenced on August 27, 2007, constituted a valid acceleration of the mortgage debt. According to the district court, that determination depended on whether the entity that had commenced the prior foreclosure

action had standing to do so, resolution of which turned on disputed issues of material fact. On that basis, the district court denied the parties' cross motions for summary judgment.

Just days after the district court ruled on the motions for summary judgment, the New York State legislature enacted the Foreclosure Abuse Prevention Act ("FAPA"). 2022 N.Y. Laws 2180–82. FAPA, in part, limits lenders from disclaiming previous foreclosure actions as invalid to accelerate the mortgage debt. FAPA § 7, 2022 N.Y. Laws at 2181-82. Arguing that FAPA effected an intervening change in controlling law, Article 13 LLC moved in the district court for reconsideration of its summary judgment motion. The district court granted reconsideration, applied FAPA, and granted summary judgment to Article 13 LLC.

Defendant-Appellant U.S. Bank National Association ("U.S. Bank"), as Trustee,[1] appealed the district court's judgment.

The principal issue before us is whether, under FAPA, U.S. Bank is estopped from arguing that a mortgage's statute of limitations has not expired because a prior action to foreclose on that mortgage, which commenced more than six years ago, was invalid to accelerate the debt. The answer to that question depends on (1) whether, and to what degree, FAPA applies retroactively to foreclosure actions commenced before the statute's

_____

[1] U.S. Bank is successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Morgan Stanley Mortgage Loan Trust 2007-2AX, Mortgage Pass-Through Certificates, Series 2007-2AX.

enactment, and (2) if FAPA has a retroactive effect, whether its retroactive application comports with the New York Constitution and United States Constitution. Because the New York Court of Appeals has not addressed the identified state law questions, which are essential to deciding this appeal, we certify the questions to that court.

## BACKGROUND

We summarize the relevant facts supported by the record in the light most favorable to U.S. Bank, the party against whom summary judgment was awarded. *See Rupp v. Buffalo*, 91 F.4th 623, 634 (2d Cir. 2024).

The residential property that is the subject of this case is located at 53 Van Buren Street in Brooklyn, New York 11221 (the "Property"). JAJ Corp. purchased the Property in 2004. In 2005, JAJ Corp. obtained a loan—the first relevant loan here—secured by a mortgage on the Property. That first mortgage was recorded on July 15, 2005. In September 2006, JAJ Corp. conveyed the Property to Lisa Abbott ("Abbott"), who acquired a second mortgage loan from Alliance Mortgage Banking Corp. ("Alliance Mortgage"). Abbott's second mortgage loan was assigned to Mortgage Electronic Registrations Systems, Inc. ("MERS"), as nominee for Alliance Mortgage. That second mortgage was recorded on September 28, 2006. The first mortgage loan was also assigned to MERS, as nominee for Alliance Mortgage, and subsequently recorded on September 28, 2006. By a September 18, 2006 agreement, both loans were consolidated to form a single loan in the amount of $645,000 (the "Consolidated Loan") secured by a mortgage

(the "Senior Mortgage") on the Property. That same day and as part of the same agreement, Abbott executed a promissory note (the "Consolidated Note") in favor of Alliance Mortgage, governing the repayment of the Consolidated Loan.

Also on September 18, 2006, the same day that Abbott executed the Senior Mortgage, Abbott took out another mortgage (the "Junior Mortgage") with MERS, nominee for Alliance Mortgage, in the amount of $215,000. Like the Senior Mortgage, the Junior Mortgage was recorded on September 28, 2006.

On January 31, 2007, the Consolidated Loan was sold to a mortgage-backed securities trust, Morgan Stanley Mortgage Loan Trust 2007-2AX, Mortgage Pass-Through Certificates, Series 2007-2AX (the "Trust"). The assignment of the Senior Mortgage to the Trust was recorded on March 5, 2009. U.S. Bank is the trustee and document custodian for the Trust. Until July 31, 2008, Central Mortgage Company ("CMC") serviced the Consolidated Loan on the Trust's behalf.

On February 1, 2007, Abbott defaulted on the Consolidated Loan. Then, on August 27, 2007, CMC brought a foreclosure action (the "Foreclosure Action") against Abbott in New York State Supreme Court, Kings County. The complaint in the 2007 Foreclosure Action identified CMC as the holder of the Consolidated Loan. Nearly a decade later, in May 2017, CMC moved to voluntarily discontinue the Foreclosure Action without prejudice. The state court granted that motion on June 29, 2017.

In 2020, the Junior Mortgage was assigned to Article 13 LLC. That assignment was recorded on July 2, 2020. Article 13 LLC filed its quiet title action before the district court on August 6, 2020, seeking, *inter alia*, a judgment cancelling and discharging the Senior Mortgage as time-barred. After discovery, the parties cross moved for summary judgment. The district court denied both motions on December 28, 2022, holding in part that there was a disputed issue of material fact regarding whether CMC had standing to bring the Foreclosure Action as a "holder" of the Consolidated Note. *Article 13 LLC v. Ponce de Leon Fed. Bank*, No. 20-CV-3553 (HG), 2022 WL 17977493, at *7, *9 (E.D.N.Y. Dec. 28, 2022). That genuine dispute related to material facts because, if CMC lacked standing, the Foreclosure Action was invalid to accelerate the debt, and the statute of limitations on the Senior Mortgage did not begin to run with CMC's initiation of the Foreclosure Action.

Two days after the district court's ruling, on December 30, 2022, New York enacted FAPA, *see* 2022 N.Y. Laws at 2180, which took "effect immediately," FAPA § 10, 2022 N.Y. Laws 2182. In relevant part, Section 7 of FAPA, codified at C.P.L.R. § 213(4)(b), provides:

> In any action seeking cancellation and discharge of record of an instrument . . ., a defendant shall be estopped from asserting that the period allowed by the applicable statute of limitation for the commencement of an action upon the instrument has not expired because the instrument was not validly accelerated prior to, or by way of commencement of a prior action, unless the prior action was dismissed based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated.

N.Y. C.P.L.R. § 213(4)(b).  Section 10 of FAPA also provides that the law "shall apply to all actions commenced on [a mortgage] in which a final judgment of foreclosure and sale has not been enforced."  FAPA § 10, 2022 N.Y. Laws 2182.

On January 11, 2023, Article 13 LLC filed a motion for reconsideration of the district court's denial of its motion for summary judgment, arguing that FAPA was an intervening change in controlling law.  On August 11, 2023, the district court agreed, and held that FAPA is an intervening change of controlling law that applies retroactively without violating the defendant's right to due process.  *See Article 13, LLC v. Ponce de Leon Fed. Bank*, 686 F. Supp. 3d 212, 220 (E.D.N.Y. 2023).  Applying FAPA retroactively, the district court concluded that the defendant U.S. Bank was estopped from bringing a defense against the quiet title action based on the invalidity of a prior acceleration of the mortgage debt.  With the issue of the validity of CMC's acceleration of the mortgage debt no longer materially in dispute, the district court granted summary judgment for Article 13 LLC.

On appeal, U.S. Bank argues that (1) FAPA was not an intervening change in controlling law because it does not apply retroactively, and (2) retroactive application of FAPA would be unconstitutional.  As to constitutionality, U.S. Bank claims retroactive application of FAPA would violate substantive and procedural due process rights under the New York Constitution as well as the Due Process, Contracts , and Takings Clauses of the U.S. Constitution.  U.S. Bank's appeal thus raises two questions sounding in New

York law: (1) whether FAPA applies retroactively as a matter of statutory construction, and (2) whether its retroactive application would violate substantive and procedural due process rights guaranteed by the N.Y. Constitution.[2]

## DISCUSSION

If Section 7 of FAPA does apply retroactively, then U.S. Bank is estopped from arguing (1) that the Foreclosure Action was invalid to accelerate the Senior Mortgage; and (2) that, as a result, the statute of limitations on the Senior Mortgage did not begin to run when the Foreclosure Action commenced and therefore has not expired. Accordingly, the question of FAPA's retroactive application would resolve state-law issues as to whether the Senior Mortgage is time-barred and therefore dischargeable by Article 13 LLC's quiet title action.

In general, we strongly prefer "that the controlling interpretation of [a state] statute be given by [the] state, rather than federal, courts." *Allstate Ins. Co. v. Serio*, 261 F.3d 143, 150 (2d Cir. 2001) (collecting cases). Our preference to certify state statutory interpretation questions to the state's highest court is one that is "rooted in basic principles of federalism." *Id.*; *accord Corsair Special Situations Fund, L.P. v. Pesiri*, 863 F.3d 176, 183 (2d Cir. 2017) ("When faced with a question of [state] statutory interpretation in

---

[2] Amici curiae—that is, New York Bankers Association, New York Mortgage Bankers Association, American Bankers Association, Mortgage Bankers Association, Housing Policy Council, and Independent Bankers Association of New York State—move for leave to file an amicus brief. That motion is granted. *See* Fed. R. App. P. 29(a)(2).

9

particular, principles of comity and federalism strongly support certification." (internal quotation marks omitted)).  We may certify questions of law to the New York Court of Appeals "[w]henever it appears . . . that determinative questions of New York law are involved in a case pending before [our Court] for which no controlling precedent of the [New York] Court of Appeals exists."  22 N.Y.C.R.R. 500.27(a); *see also* 2d Cir. R. 27.2 (permitting certification of state law questions to that state's highest court).  A request for certification by the parties is not a prerequisite, as "we are empowered to seek certification *nostra sponte*."  *Corsair Special Situations Fund*, 863 F.3d at 182–83 (internal quotation marks omitted).

When exercising our discretion to certify questions to the Court of Appeals, we consider whether: (1) the Court of Appeals has "not squarely addressed the issue and other decisions by New York courts are insufficient to predict how the Court of Appeals would resolve it"; (2) the question cannot be answered by the statute's plain language;[3] (3) deciding the question "requires value judgments and important public policy choices that the New York Court of Appeals is better situated than we to make"; and (4) the

---

[3] Some of our cases have used a three-factor test that does not refer to the language of the statute.  *See, e.g., Jones v. Cattaraugus-Little Valley Cent. Sch. Dist.*, 96 F.4th 539, 544 (2d Cir. 2024) (per curiam) (endorsing three-factor test without consideration of plain language); *Nitkewicz v. Lincoln Life & Ann. Co. of N.Y.*, 49 F.4th 721, 729 (2d Cir. 2022) (per curiam) (same); *Benesowitz v. Metro. Life Ins. Co.*, 471 F.3d 348, 351 (2d Cir. 2006) (same).

answer to the certified question "will control the outcome of the case." *CIT Bank N.A. v. Schiffman*, 948 F.3d 529, 537 (2d Cir. 2020) (internal quotation marks omitted).

Here, the third factor most strongly influences our decision to certify. It is self-evident that deciding FAPA's retroactive application "requires value judgments and important public policy choices that the New York Court of Appeals is better situated than we to make." *CIT Bank N.A.*, 948 F.3d at 537 (internal quotation marks omitted). FAPA's retroactive application is likely to substantially affect New York's mortgage market. *See East Fork Funding LLC v. U.S. Bank, N.A.*, 118 F.4th 488, 498 (2d Cir. 2024) (recognizing that "FAPA's interpretation has implications for the New York mortgage market, New York property owners, and New York state law governing retroactive application of statutes");[4] *see also* Br. of Amici Curiae N.Y. Bankers Ass'n et al. in Support of Plaintiff-Appellee at 18-22 (discussing the potential impact of retroactive application of FAPA on lenders and borrowers); Intervenor Br. at 6–10 (discussing how the 2007-2008 financial crisis increased successive foreclosure actions, resulting in an initial surge of residential foreclosure actions initiated by lenders with inadequate documentation,

---

[4] We are mindful that the New York Court of Appeals recently declined our certification of a similar question of FAPA's retroactivity in *East Fork Funding LLC* because of "the particular circumstances of [that] individual case." *East Fork Funding, LLC v. U.S. Bank, Nat'l Ass'n*, 42 N.Y.3d 981 (2024); *see East Fork Funding LLC v. U.S. Bank, Nat'l Ass'n*, 118 F.4th 488 (2d Cir. 2024). The particular circumstances here differ, however, because this case concerns the retroactive application of a different subsection of FAPA, Section 7, which implicates an open foreclosure action under Section 10. It also raises the question of whether retroactive application is contrary to New York's provision for right to due process.

followed by successive actions brought by lenders' successors, who would disclaim the validity of the prior foreclosure actions).

The legislative history of FAPA suggests that the statute was passed to overrule a Court of Appeals decision, *Freedom Mortgage Corp. v. Engel*, 37 N.Y.3d 1, 29, 31–32 (2021) (holding lender's "voluntary" motion to discontinue foreclosure action constitutes a revocation of that acceleration" as a matter of law). *See, e.g.*, App'x 208–09 (N.Y. State Assembly Mem. in Support of 2022 Assembly Bill A7737B) (stating that "Section 8 of the bill . . . is a response to the [N.Y.] Court of Appeals recent holding Freedom Mtge. Corp. v. Engel, 37 NY3d 1 (2021)" and describing, as justification for the bill, the "risk of an onslaught of successive foreclosure actions" that are "a direct result of" *Engel* and other judicial decisions); App'x 247, 250, 259 (N.Y. State Senate Introducer's Mem. in Support of 2022 Senate Bill S5473D) (expressing, as justification for the bill, "an urgent need . . . to overrule the [N.Y.] Court of Appeals' recent decision in *Freedom Mtge. Corp. v. Engel* (37 NY3D 1 [2021])" and noting specific provisions that are "expressly intended to overrule *Engel*"). We consider that court better situated to interpret FAPA's effect on its prior precedent. *See East Fork Funding LLC*, 118 F.4th at 493, 496 (discussing FAPA's legislative history and indicating an intent to "overrule *Engel*"). Accordingly, the third factor heavily supports certification.

The other three factors also favor certification. First, the New York Court of Appeals has not yet weighed in on FAPA's retroactive application. Three out of the four

state appellate division departments have held that FAPA applies retroactively. *See Wells Fargo Bank, N.A. v. Edwards*, 222 N.Y.S.3d 90, 95 (N.Y. App. Div., 2d Dep't 2024); *U.S. Bank Nat'l Ass'n v. Lynch*, 218 N.Y.S.3d 854, 857 (N.Y. App. Div., 3d Dep't 2024); *Genovese v. Nationstar Mortg. LLC*, 199 N.Y.S.3d 513, 517–18 (N.Y. App. Div., 1st Dep't 2023). The fourth judicial department has yet to weigh in on the issue. While we consider rulings by New York's intermediate appellate courts "helpful indicators of how" the Court of Appeals might rule, *DiBella v. Hopkins*, 403 F.3d 102, 112 (2d Cir. 2005), neither New York's highest court nor any appellate division court has yet addressed whether the retroactivity of Section 7 violates the New York State Constitution. *See Commodity Futures Trading Comm'n v. Walsh*, 618 F.3d 218, 231 (2d Cir. 2010) (certifying question of state law upon conclusion that New York courts had not had occasion to consider issue analogous to one before this court). Thus, the absence of a controlling judicial interpretation of FAPA slightly supports certification.

Whether FAPA applies retroactively cannot squarely be decided by the statute's plain language alone. Under New York law, the "primary consideration" when interpreting a statute is legislative intent. *Town of Aurora v. Vill. of E. Aurora*, 116 N.E.3d 64, 68, 32 N.Y.3d 366, 372 (2018). The plain text of the statute, in turn, is "the clearest indicator of legislative intent," but it is not the exclusive consideration. *Id.* (internal quotation marks omitted). The statute should be evaluated "as a whole," including "its various sections . . . together and with reference to each other." *Id.* (internal quotation

marks omitted). Further, New York law disfavors statutory interpretations of retroactivity "unless the [statute's] language expressly or by necessary implication requires it." *Majewski v. Broadalbin-Perth Cent. Sch. Dist.*, 696 N.E.2d 978, 980, 91 N.Y.2d 577, 584 (1998). At the same time, however, under New York law, "remedial" statutes are generally interpreted to apply retroactively. *Id.* (internal quotation marks omitted).

Here, FAPA Section 10 states that the law "shall take effect immediately and shall apply to all actions . . . in which a final judgment of foreclosure and sale has not been enforced." FAPA § 10, 2022 N.Y. Laws 2182. As an initial matter, the plain language of shall "take effect immediately" is insufficient, alone, to support retroactive application. *See Majewski*, 696 N.E.2d at 980, 91 N.Y.2d at 583-84. Additionally, whether the legislature clearly intended retroactivity by providing that FAPA applies to "actions . . . in which a final judgment of foreclosure and sale has not been enforced" is not readily apparent, particularly considering the overlapping and diverging statutory interpretation presumptions that may apply. FAPA § 10, 2022 N.Y. Laws 2182. Furthermore, even if the plain language of FAPA *did* answer the question of legislative intent, it does not determine whether FAPA's retroactivity would violate the New York Constitution's provision for right to due process. Because FAPA's plain language alone does not decide whether FAPA applies retroactively both as a matter of statutory construction and state constitutionality, certification is appropriate.

14

The fourth and final factor also weighs in favor of certification.  Resolution of the certified questions is necessary to resolve this appeal.  If the Court of Appeals interprets FAPA to apply retroactively and that retroactivity does not violate the New York State Constitution, we would conclude our consideration of this appeal by turning to U.S. Bank's federal constitutional challenges to FAPA.  On the other hand, if the Court of Appeals rules either that FAPA is not retroactive or that its intended retroactivity violates the State constitution, we would be obliged to remand for dismissal of Article 13 LLC's quiet title action, thus bringing this litigation to an end.

Because all of the relevant factors support certification, we believe certification to the New York Court of Appeals is appropriate in this case.

## CONCLUSION

We certify the following questions to the New York Court of Appeals:

1.  Whether, or to what extent does, Section 7 of the Foreclosure Abuse Prevention Act, codified at N.Y. C.P.L.R. § 213(4)(b), apply to foreclosure actions commenced before the statute's enactment?

2.  Whether FAPA's retroactive application violates the right to substantive and procedural due process under the New York Constitution, N.Y. Const., art. I, § 6?

The New York Court of Appeals may answer these questions in whatever order it deems best to assist this Court in understanding how New York law applies to this case. In addition, the New York Court of Appeals may modify or expand upon these questions to the extent it wishes to do so.

This panel retains jurisdiction for the purpose of resolving this appeal once the

New York Court of Appeals has responded to our certification.  *See* 2d Cir. Loc. R. 27.2.

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

16

CERTIFIED COPY ISSUED ON 03/25/2025

| **Patti Van Dyke v U.S. Bank, Natl. Assn.** |
| Motion No: 2025-226 |
| Slip Opinion No: 2025 NY Slip Op 69069 |
| Decided on May 20, 2025 |
| Court of Appeals Motion Decision |
| Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431. |
| This motion is uncorrected and subject to revision before publication in the Official Reports. |

**Patti Van Dyke,**

**Respondent,**

**v**

**U.S. Bank, National Association,**

**Appellant.**

Motion for leave to appeal granted.



New York
Official Reports

235 A.D.3d 517, 229 N.Y.S.3d
13, 2025 N.Y. Slip Op. 00933

**\*\*1** Patti Van Dyke, Respondent,

v

U.S. Bank, National Association, Appellant.

Supreme Court, Appellate Division,
First Department, New York
2024-01508, 2024-04531, 2024-05479,
3713, 3714, 3715, 806287/22
February 18, 2025

CITE TITLE AS: Van Dyke v U.S. Bank, N.A.

### HEADNOTES

Mortgages
Acceleration Clause
Action Seeking Cancellation and Discharge of Mortgage—
Estoppel of Defendant from Asserting That Period Allowed
by Applicable Statute of Limitation for Commencement of
Action upon Instrument Did Not Expire Because Instrument
was Not Validly Accelerated by Commencement of Prior
Action upon Same Mortgage

Statutes
Retroactive Application of Statute
Statute Addressing Effect of Discontinuance of Mortgage
Foreclosure Action on Limitations Period

J. Robbin Law PLLC, Armonk (Jacquelyn A. Dicicco of
counsel), for appellant.
Law Office of Thomas M. Curtis, New York (Thomas M.
Curtis of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Marissa Soto, J.),
entered August 29, 2024, declaring a note and a mortgage
recorded against 448 East 142nd Street, Bronx, NY, cancelled
and discharged of record, and bringing up for review an
order, same court (Doris M. Gonzalez, J.), entered on or
about November 14, 2023, which, to the extent appealed
from as limited by the briefs, found that there had been
no prior judicial determination to the effect that defendant's
predecessor-in-interest had no standing to commence an

action seeking to foreclose upon the same mortgage or
accelerate payment upon the same note, and order, same
court (Marissa Soto, J.), entered on or about July 12, 2024,
which, to the extent appealed from as limited by the briefs,
granted plaintiff's motion for summary judgment discharging
the mortgage, unanimously affirmed without costs. Appeals
from aforementioned orders, unanimously dismissed, without
costs, as subsumed in the appeal from the judgment.

Defendant is estopped from arguing that its predecessor-
in-interest, Bank of New York (BNY), did not validly
accelerate plaintiff's loan, as there has been no "expressed
judicial determination" that plaintiff's loan was not validly
accelerated through BNY's commencement of a foreclosure
action concerning **\*518** the same note and mortgage in 2009
(CPLR 213 [4] [b]). Contrary to defendant's contention, the
February 14, 2019 order in the initial foreclosure action, this
Court's affirmance of that order, and the so-ordered stipulation
of discontinuance of that action did not constitute judicial
determinations that BNY lacked standing but, instead, merely
reserved the question of standing for later adjudication.

The language and legislative history of the Foreclosure Abuse
Prevention Act (FAPA) (L 2022, ch 821), through which
CPLR 213 (4) was amended to include paragraph (b), indicate
that FAPA has retroactive effect (*see Genovese v Nationstar
Mtge. LLC*, 223 AD3d 37 [1st Dept 2023]). In *Genovese*, this
Court observed that FAPA "will necessarily have retroactive
effect" because section 10 of the Act directed that it applies
to all actions upon a mortgage or note "in which a final
judgment of foreclosure and sale has not been enforced" (*id.*
at 44 [internal quotation marks omitted]). In addition, this
Court has repeatedly followed *Genovese*'s holding that FAPA
applies retroactively (*see Bank of N.Y. Mellon v Del Rio*,
233 AD3d 529 [1st Dept 2024]; *Wilmington Trust, N.A. v
Farkas*, 232 AD3d 524, 525-526 [1st Dept 2024]; *Bayview
Loan Servicing, LLC v Dalal*, 232 AD3d 487, 489 [1st Dept
2024]).

Applying FAPA here would not violate the Contracts Clause
of the US Constitution, as defendant has not identified any
term of the note or mortgage that FAPA has impaired, let
alone "impaired substantially" (*Energy Reserves Group, Inc.
v Kansas Power & Light Co.*, 459 US 400, 413 [1983]). While
the entirety of the mortgage is impaired because defendant
cannot enforce it, it was not FAPA per se that caused this
situation, but rather **\*\*2** the six-year statute of limitations
that existed when plaintiff first received her loan (*see Bank of
N.Y. Mellon v Del Rio*, 233 AD3d at 531-532). Any suggestion

in *Freedom Mtge. Corp. v Engel* (37 NY3d 1 [2021]) that the right to revoke an acceleration is contractual, as opposed to merely legal based on a contractual right to accelerate, is contradicted by *Kilpatrick v Germania Life Ins. Co.* (183 NY 163 [1905]). In *Kilpatrick*, the Court held that a lender lost any right to deaccelerate a loan once the borrower changed his or her position (*see id.* at 168), suggesting that, at the time *Engel* was decided, a lender's right to deaccelerate a loan, although perhaps a legal right, was not truly a contractual right.

Applying FAPA retroactively would also not unconstitutionally impair any of defendant's vested rights. The parties' 2022 stipulation of discontinuance of the 2009 action was silent as to whether defendant deaccelerated its loan. As the Court of **\*519** Appeals "ha[d] never addressed what constitutes a revocation" of an acceleration in the context of a discontinuance before it decided *Engel* (*Engel*, 37 NY3d at 28), any right defendant had to expect its discontinuance to deaccelerate the loan was based solely on *Engel*. However, the Legislature had begun considering overturning *Engel* in 2021, even before the parties executed their stipulation. Thus, defendant could not rely on the stipulation to deaccelerate its loan so as to allow it to later enforce its mortgage.

Defendant's argument that the motion court improperly raised, sua sponte, the issue of whether FAPA applied to this action is unavailing. After plaintiff's motion was fully submitted, the Legislature enacted FAPA. The motion court then allowed the parties to brief the effect of FAPA on this case. The court rendered its decision after the re-briefing. This Court has previously held such re-briefing permissible in similar circumstances (*see U.S. Bank N.A. v Fox*, 216 AD3d 445, 446 [1st Dept 2023], *lv denied* 42 NY3d 903 [2024]). Concur—Manzanet-Daniels, J.P., Kennedy, Shulman, Higgitt, Michael, JJ.

Copr. (C) 2025, Secretary of State, State of New York

**End of Document**                    © 2025 Thomson Reuters. No claim to original U.S. Government Works.